PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

JUN 0 4 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

_____________ Division

B-02-120

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

REYNALDO ROJANO LOPEZ
PETITIONER
(Full name of Petitioner)

MICHAEL UNIT
CURRENT PLACE OF CONFINEMENT

632648
PRISONER ID NUMBER

VS.

JANIS COCKREL, DIRECTOR OF TEXAS DEPT. CRIMINAL JUSTICE-ID
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

CASE NUMBER
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

---

## PETITION

What are you challenging? (Check only one)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-23)
- [X] A work requirement statute being applied retroactively

All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: 357TH DISTRICT COURT OF DALLAS COUNTY, TEXAS

2. Date of judgment of conviction: AUGUST 27, 1985

3. Length of sentence: TEN (10) YEARS "CONFINEMENT" IN TDC

4. Nature of offense and docket number (if known): AGGRAVATED SEXUAL ASSAULT CAUSE NO. 85-CR-343-E

Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

☐ Not Guilty ☒ Guilty ☐ Nolo contendere

6. Kind of trial: (Check one) ☐ Jury ☒ Judge Only

CONTINUED ON NEXT PAGE

7. Did you testify at the trial? ☐ Yes ☒ No

8. Did you appeal the judgment of conviction? ☐ Yes ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal?

_______________ Cause Number (if known) _______________

What was the result of your direct appeal (affirmed, modified or reversed): __________

What was the date of that decision? _______________

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _______________

Date of result: __________ Cause Number (if known): __________

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _______________

Date of result: _______________

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☒ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: 357TH DISTRICT COURT OF CAMERON COUNTY

Nature of proceeding: 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS

Cause number (if known): WRIT NO. 47,859-03

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court. ON OR ABOUT JANUARY ? , 2002

Grounds raised: Violation of the Retroactive Clause of Art. I, § 16 TEX.CONST.; Violation of the Ex Post Facto Clause of the TEX.CONST.; Violation of the Double Jeopardy Clause and the 13th Amendment to the U.S. Const.

CONTINUED ON NEXT PAGE

Date of final decision: APRIL 10, 2002

Name of court that issued the final decision: TEXAS COURT OF CRIMINAL APPEALS

As to any ***second*** petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: ______

______

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court.

______

Grounds raised: ______

______

______

Date of final decision: ______

Name of court that issued the final decision: ______

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐ Yes ☒ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

______

______

(b) Give the date and length of the sentence to be served in the future: ______

______

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes ☐ No

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13. Date and location of your parole revocation: ______________________________

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐ Yes ☐ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for mandatory supervised release? ☐ Yes ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

______________________________________________________________

Disciplinary case number: ______________________________

18. Date you were found guilty of the disciplinary violation: ______________________

Did you lose previously earned good-time credits? ☐ Yes ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: __________

______________________________________________________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐ Yes ☐ No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: ______________________________________________

______________________________________________

Date of Result: ______________________________________________

Step 2 Result: ______________________________________________

______________________________________________

CONTINUED ON NEXT PAGE

Date of Result: ____________________

All applicants must answer the remaining questions:

20. State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A. **GROUND ONE:** The Respondent violated the State Constitutional prohibition against Retroactive law by applying § 497.090, TEX.GOVT. CODE to Petitioner's cause

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner was sentenced to "confinement" in TDC. The Legislature added labor to Petitioner's punishment by enacting 6166x, TEX. REV.CIV. STAT.ANN. The Legislature repealed Art. 6166x on September 1, 1989, thereby commuting Petitioner's punishment to confinement alone. On September 1, 1995, the Legislature enacted § 497.090, TEX.GOVT. CODE of which the Respondent is applying retroactively to Petitioner's cause.

(see Memorandum in Support for argument)

B. **GROUND TWO:** The Respondent is violating the State Constitutional prohibition against Ex Post Facto law by applying § 497.090, TEX.GOVT. CODE to Petitioner's cause

Supporting FACTS (tell your story briefly without citing cases or law):

SEE ABOVE SUPPORTING FACTS AND MEMORANDUM IN SUPPORT

C. **GROUND THREE:** The Respondent is violating the United States Constitutional prohibition against multiple punishments for the same offense by applying § 497.090, TEX.GOVT. CODE to Petitioner's cause

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner's punishment was commuted to "confinement" alone by the repeal of Art. 6166x, TEX.REV.CIV. STAT.ANN on September 1, 1989. The Respondent has added labor to Petitioner's punishment by retroactively applying §§ 497.090 and 497.099, TEX.GOVT. CODE to Petitioner's cause.

(see Memorandum in Support for argument)

CONTINUED ON NEXT PAGE

D. GROUND FOUR: The Respondent is violating the 13th Amendment to the United States Constitution by applying §§ 497.090 and 497.099, TEX.GOVT. CODE to Petitioner's cause

Supporting FACTS (tell your story briefly without citing cases or law):

The 74th Legislature re-enacted involuntary servitude as a legal punishment in Texas on September 1, 1995, with the passage of § 497.090, TEX.GOVT. CODE, after the 71st Texas Legislature repealed forced labor as punishment on September 1, 1989 (see Memorandum in Support for argument)

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐ Yes ☒ No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐ Yes ☒ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

CONTINUED ON NEXT PAGE

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

______________________________

______________________________

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

______________________________
Signature of Attorney (if any)

______________________________

______________________________

______________________________

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on APRIL 30, ,2002 (month, date, year).

Executed on April 29, 2002 (date).

Reynaldo R. Lopez
Signature of Petitioner (required)

Petitioner's current address:

MICHAEL UNIT, P.O. BOX 4500, TENNESSEE COLONY, TX 75886-4500

______________________________

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_________________ DIVISION

United States District Court
Southern District of Texas
FILED
JUN 04 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| REYNALDO ROJANO LOPEZ, Petitioner, | § | |
| VS. | § | USDC NO. B-02-120 |
| JANIS COCKREL, RESPONDENT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, Respondent. | § | |

**MEMORANDUM IN SUPPORT OF THE**
**§ 2254 PETITION FOR WRIT OF HABEAS CORPUS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Petitioner in the above styled and numbered, and would show that the Findings of Fact and Conclusions of Law are not entitled to the presumption of correctness for the following reasons:

## I.
## CONSTITUTIONAL QUESTIONS RAISED

1. Was TEX.REV.CIV. STAT.ANN., 6166x repealed?

2. Did the repeal of article 6166x, et al, constitute a commutation of Petitioner's punishment to "confinement" alone?

3. With the repeal of article 6166x, TEX.REV.CIV. STAT.ANN., does the retroactive application of §§ 497.090 and 497.099, TEX.GOVT. CODE, violate the Retroactive Clause of the Texas Constitution?

4. In light of ***McGinley v. McGinley*, 295 S.W.2d 913 (Tex.1956)** as it pertains to the issue of what constitutes a violation of the Retroactive Clause of Article I, § 16 of the Texas Constitution, does Petitioner have a "vested" right to be free from a work requirement with the repeal of art. 6166x, et al ?

5. With the repeal of article 6166x, TEX.REV.CIV. STAT.ANN., does the retroactive application of §§ 497.090 and 497.099, TEX.GOVT. CODE, violate the Ex Post Facto Clause of both the Texas Constitution and the United States Constitution?

6. With the repeal of article 6166x, TEX.REV.CIV. STAT.ANN., does the re-imposition of the work requirement violate the Double Jeopardy Clause of the United States Constitution?

7. With the repeal of article 6166x, TEX.REV.CIV. STAT.ANN., does the re-imposition of forced labor constitute involuntary servitude in violation of Petitioner's rights under the Thirteenth Amendment to the United States Constitution?

8. Is Petitioner entitled to, as requested, declaratory relief ordering the Respondent to cease forcing Petitioner to labor for the prison?

## II.
## GROUNDS FOR RELIEF

> The Texas Legislature has enacted penal legislation authorizing TDCJ-ID to compel prisoners to perform labor in which the Respondent is retroactively applying to all prisoners, in violation of Article I, § 16 of the Texas Constitution, and the United States Constitution prohibitions against Ex Post Facto legislation, Double Jeopardy and Involuntary Servitude.

## III.
## ARGUMENT WITH BRIEF IN SUPPORT

Petitioner was sentenced by this court to "*confinement*" in the Institutional Division of the Texas Department of Criminal Justice. The Respondent has *added* forced labor to Petitioner's punishment by retroactively applying §§ 497.090, and 497.099, TEX. GOVT. CODE (Vernon's Ann.2000), in violation of the Ex Post Facto Clause of both the Texas Constitution and the United States Constitution. And is thereby subjecting the Petitioner to involuntary servitude in violation of the 13th Amendment to the United States Constitution. The work requirement statute at issue, § 497.099, TEX.GOVT. CODE, provides:

> The department [TDCJ] *shall* require each inmate and each defendant or releasee housed in a facility operated by or under contract with the department to work in an agricultural, industrial, or other work program to the extent that the inmate, or defendant, or releasee is physically and mentally capable of working....

***See* "Participation in Work Program Requirement" (emphasis added) [brackets added].**

Section 497.099, TEX.GOVT. CODE was added September 1, 1999, by the 76th Legislature, which repealed and replaced § 497.090, TEX.GOVT. CODE. Section 497.090, TEX.GOVT. CODE was added September 1, 1995, by the 74th Legislature. Prior to September 1, 1995, there was *no requirement to work* for any prisoner after September 1, 1989, as the Texas Legislature repealed the work requirement statute, which then provided:

> Prisoners confined in the State Penitentiary shall be kept at work under such rules and regulations as may be prescribed by the general manager *[designated now as the "Director"]* with the approval of the Prison Board *[now known as the "Criminal Justice Board"]* provided that no prisoner shall be required to work more than ten hours per day except on work necessary and essential to efficient organization of convict forces, which time shall include the time spent in going to and returning from dinner, which shall not be less than one hour, and in case of such necessary and essential overtime work, said prisoners shall receive a deduction from their sentence of double the hours so worked; and provided further than ten hours shall constitute a day to be deducted from his sentence....

***See* "Labor of Prisoners; Overtime Allowance," art. 6166x-1, TEX.REV.CIV. STAT.ANN., Acts 1927, 40th Legislature, p.289, ch. 212, § 25. *Amended* by Acts 1929, 41st Legislature, p.485, ch. 29, § 1. *Repealed* by Acts 1989, 71st Legislature, ch. 212, 3.03, *effective* September 1, 1989 [brackets added].**

In ***Wendt v. Lynaugh,* 841 F.2d 619 (5th Cir.1988)**, appellant Wendt argued, as does the Petitioner herein, that he had been sentenced to *"confinement" alone*; and that the Respondent adding hard labor to his punishment was subjecting him to involuntary servitude. The *Wendt* Court dismissed this argument as merit less for the following reason:

> ... This latter argument is quickly disposed of because TEX.REV. CIV. STAT.ANN., art. 6166x specifically provides:
>
> > Prisoners shall be kept at work under such rules and regulations as may be adopted by the manager with the Board's approval....

***Id., 841 F.2d at 620.*** Even though hard labor was not mentioned by the court of conviction as being part of the punishment imposed, the *Wendt* Court clarified that the Texas Legislature enacted legislation that authorized TDC to *add hard labor* to prisoner Wendt's punishment. ***See e.g., cited Warden v. Marrero, 417 U.S. 653, 94 S.Ct. 253 (1974)*** ("parole eligibility" which is determined at sentencing is part of the "punishment annexed to the crime")

Petitioner would show however, that the *Wendt* decision rests squarely on the now repealed Article 6166x. Effective September 1, 1989, because of the repeal of Article 6166x, labor no longer is *punishment annexed to the crime* in the State of Texas for those prisoners whose crime had been committed *before* the enacting date of § 497.090, TEX.GOVT. CODE. Petitioner's crime was before September 1, 1989. The repeal of Article 6166x, therefore, has created a liberty and property interest in the *commutation* of Petitioner's punishment

"Commutation" has been defined by the Texas Court of Criminal Appeals as a change in the punishment to a less severe punishment. ***Ex parte Giles, 502 S.W.2d 774 (Tex.Cr.App.1974).*** Petitioner's punishment now only consists of confinement *alone* as alleged by appellant Wendt. And the imposition of a work requirement constitutes a second unauthorized punishment in violation of the Double Jeopardy Clause of the United States Constitution. ***See North Carolina v. Pearce, 385 U.S. 711, 89 S.Ct. 2072 (1969)*** (Fifth Amendment guarantee against double jeopardy which is enforceable against the States through the Fourteenth Amendment protects against multiple punishments for the same offense); ***see also Ex parte Lange, 18 Wall. 163-168, 21 L.Ed. 872 (1874).*** This court has therefore, been presented with a genuine issue of involuntary servitude.

## IV.
## INVOLUNTARY SERVITUDE

> Neither slavery nor involuntary servitude *except as punishment* for crime whereof the party shall have been duly convicted shall exist within the States, or any place subject to their jurisdiction.
> **United State Constitution, Amendment XIII (emphasis added)**

"Involuntary servitude" is defined by the United States Supreme Court in ***United States v. Kozminski,*** ***487 U.S. 831, 108 S.Ct. 2751 (1988),*** as a "condition of servitude in which the victim is *forced to work* ... by the use of threat of physical *restraint* or physical injury, or by the use of *coercion* through law or the legal process." ***Id., 487 U.S. at 952, 108 S.Ct. at 2765 (emphasis added).*** Left open was the question of whether "psychological coercion" can establish the requisite element of "compulsion." ***Id., 487 U.S. at 944, 108 S.Ct. at 2760-2761.***

Prior to the repeal of Article 6166x, involuntary servitude was a legal punishment in the State of Texas. ***Wendt, supra.*** The Texas Legislature re-enacted involuntary servitude as a legal punishment for crime on September 1, 1995, with the enactment of § 497.090, TEX.GOVT. CODE. In ***Watson v. Graves, 909 F.2d 1549 (5th Cir.1990),*** the Fifth Circuit Court of Appeals recognized two classes of prisoners in America. Those who have been sentence to *confinement* alone, and those prisoners in which the State legislature has enacted legislation that compels prisoners to perform forced labor. The *Watson* Court held that those prisoners not sentenced to labor as part of their punishment, retain their rights under the Thirteenth Amendment.

> ... [H]owever, in order to prove a violation of the thirteenth amendment, the prisoner must show that he was subjected to involuntary servitude or slavery. Involuntary servitude is defined as "a action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement." When the employee has a choice, even though it is a painful one, there is no involuntary servitude. "A showing of compulsion is thus a pre-requisite to proof of involuntary servitude."

***Id., 909 F.2d at 1552 [citations omitted].*** The Fifth Circuit rejected appellant Watson's claim of involuntary servitude because the work detail at issue was voluntary, and thus, Watson could not make a showing of compulsion, which is the prerequisite to proof of involuntary servitude.

In the case at bar, § 497.099, TEX.GOVT. CODE, mandates the Respondent to force prisoners to work. And failure or refusal on the part of a prisoner will subject him to progressive disciplinary action which *"shall"* result in the loss of all accrued earned compensatory credits for work and good behavior; the demotion to a classification in which no compensatory credits are permitted to be earned for a minimum of one year irrespective of the Petitioner's good behavior; and a loss of parole eligibility until or unless Petitioner works to return to the same or better time earning classification assigned to him during his initial entry into Texas Department of Criminal Justice-Institutional Division. ***See § 145.3(2)(B), TEX.BD. PARDONS & PAROLE RULES.*** Therefore, Petitioner has met the burden of proof of whether or not the retroactive application of §§ 497.090 and 497.099, TEX.GOVT. CODE, violates Petitioner's rights under the Thirteenth Amendment to the United States Constitution.

V.

**DOES THE WORK REQUIRMENT STATUTE VIOLATE THE EX POST FACTO CLAUSE AS APPLIED TO PETITIONER?**

The Texas Constitution provides that "[n]o bill of attainder, *ex post facto law*, retroactive law, or any law impairing the obligation of contracts, shall be made." ***See Article I, § 16 (emphasis added).*** The United States Supreme Court stated that two critical elements must be present for a criminal or penal law to be ex post facto: (1) it must be retrospective; and (2) it must disadvantage the offender affected by it. ***Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960 (1981); see also Lindsey v. Washington, 301 U.S. 397, 401, 57 S.Ct. 797, 799 (1937); Calder v. Bull, 3 Dall. 386, 390 (1798).***

As to the first federal question, it is clear that §§ 497.090 and 497.099, TEX.GOVT. CODE is being applied retrospectively to Petitioner's cause. The repeal of Article 6166x no longer authorized the Respondent to *add* forced labor to any prisoner's punishment *after* September 1, 1989, whose crime had been committed *before* September 1, 1995. Therefore, Petitioner has met the first prong of the two prong federal test of whether the work requirement statute violates the Ex Post Facto Clause.

Furthermore, in his concurring opinion, infra, Justice Clinton of the Texas Court of Criminal Appeals pointed out for the majority that the Texas Constitution affords an even greater protection for its citizens that that afforded by the United States Constitution.

> ... I write to point out that our own constitutional prohibition against such laws is broader than the restrictive construction given "ex post facto." Under Article I, § 16 there is also a ban on *any* "retroactive law."

***Ex parte Rutledge,* 741 S.W.2d 460, 463 (Tex.Cr.App.1987) (emphasis added); citing *Ex parte Alegria,* 464 S.W.2d 868 (Tex.Cr.App. 1971) in which it quotes at length statements to that affect from the Interpretive Commentary following § 16. *Id.,* at 872.**

A statute violates the Retroactive Clause of the Texas Constitution if it takes away or impairs vested rights acquired under pre-existing law, or creates new obligations, imposes new duties, or adopts new disabilities in respect to transactions or considerations already past and which affect the acts or rights occurring before it came into force. ***See McGinley v. McGinley,* 295 S.W.2d 913 (Tex.1956).** A "*vested right*" or a "substantial right" is a right that has become complete; a consummated right for present and future enjoyment and which completely and definitely belongs to the person that it cannot be impaired or taken away without that person's consent. ***See* Blackstone's Legal Dictionary (7th Edition).**

In the case at bar, Petitioner has a *vested right* to be free from a work requirement as his punishment consists of confinement alone. Therefore, the second federal question need not to be present for this court to conclude that the retroactive application of §§ 497.090, and 497.099, TEX.GOVT. CODE violates the *Retroactive Clause* of Article I, § 16 of the Texas Constitution. However, whether or not §§ 497.090 and 497.099, TEX.GOVT. CODE ameliorates or worsens conditions imposed by its predecessor, it is presented here as a federal question for this court's consideration. ***Weaver v. Graham,* 450 U.S. at 33, 101 S.Ct. at 966.**

VI.

**DOES THE RETROSPECTIVE STATUTE DISADVANTAGE THE OFFENDER AFFECTED BY IT?**

The Supreme Court of the United States held in ***Lindsey v. Washington, supra***, that the Ex Post Facto Clause forbids legislation that would operate to the "substantial disadvantage" of prisoners, whether or not it is "technically an increase in the punishment annexed to the crime." ***Id.* 301 U.S. at 401-402, 57 S.Ct. at 799; see also *In re Medley*, 134 U.S. 160, 171, 10 S.Ct. 384 (1890).** The inquiry looks to the challenged provision, and not to any special circumstances that may mitigate its affect on the particular individual. ***Id.***

In the case at bar, the *intent* of the Texas Legislature in enacting §§ 497.090 and 497.099, TEX.GOVT. CODE, is to *punish* lawbreakers with the requirement to perform forced labor. It is undisputed, therefore, that the work requirement statute *is* "punishment annexed to the crime." Only an unusual prisoner could be expected to think he was not suffering a penalty when the Legislature created new obligations, imposed new duties, and adopted new disabilities by requiring him to perform hard labor without financial compensation when no statutory obligation had existed since the repeal of Article 6166x. Petitioner contends, therefore, that he has satisfied the second prong of the two prong federal test of whether or not the retroactive application of §§ 497.090 and 497.099, TEX.GOVT. CODE violates the Ex Post Facto Clause and the Double Jeopardy Clause of both the State and Federal Constitution.

VII.

**CONCLUSION**

The Respondent has never made a distinction between those prisoners who are statutorily sentenced to a term of involuntary servitude, and those who are not sentenced to labor as part of their sentence. The *Watson* Court, however, compels this court to recognize this distinction in law between these two classes of prisoners.

> We do not dispute that when a prisoner is sentenced to labor as part of his sentence, his labor belongs to the prison and is at the disposal of the prison officials. We draw a distinction, however, between those prisoners who are sentenced to labor as part of their

> sentence and those who are not. In the latter case, there is no bar to a FLSA [Fair Labor Standard Act] claim because the prisoner's labor *belongs to him and not the prison.*

***Id., at 1553, n.7 (emphasis added) [brackets added].*** Since labor is not part of Petitioner's sentence, Petitioner's labor "belongs to him and not the prison." ***Id.*** Under the "Labor of Prisoners" statute, any labor performed over the statutory maximum amount of hours allowable to work a prisoner per day, was to be compensated as "a deduction from [a prisoner's] sentence of double the hours so worked; and provided further than ten hours *shall* constitute a day to be deducted from his sentence[1]" ***See 6166x-1, TEX.REV.CIV. STAT. ANN. supra (emphasis added) [brackets added].*** As Petitioner has shown this court above, Petitioner's punishment was commuted to "confinement" alone by the repeal of Article 6166x. Therefore, *any* compelled labor performed by him is over the statutory maximum allowable hours per day to be worked.

Petitioner contends, therefore, that he has not only shown this court that he is being subjected to a condition of involuntary servitude warranting declaratory relief to prevent any further *restraint* on the Petitioner's liberty, but he has sufficiently shown that he is entitled to *fair compensation* and not additional good time credits for any labor performed. "Good conduct time applies to eligibility for parole or mandatory supervision, ... and does not otherwise affect an inmate's term." ***See § 498.003(a), TEX.GOVT. CODE (Vernon's Ann.2000).*** Compensation for labor performed, therefore, *must differ in value* from compensation for good behavior.

## VIII.
## PRAYER FOR RELIEF

Petitioner contends this court should *find* that the Petitioner is being subjected to a condition of servitude in which his liberty is restrained, and conclude that any compensation he has earned and is entitled to for labor performed should *inhere* into the punishment imposed warranting immediate or accelerated release. ***Compare Article 42.18, § 8(c), TEX.CODE***

---

[1] For example, if Petitioner worked an average of eight (8) overtime hours a day, five days a week, the forty (40) overtime hours worked doubled and divided by ten maximum hours to equal one day, would amount to eight (8) days per week to be deducted from Petitioner's sentence; or a total of one (1) year and fifty-one (51) days to be deducted per year for every year Petitioner served on his sentence.

***CRIM.PROC. (as amended), with Pruett v. State of Texas, 468 F.2d 51 (5th Cir.1972)*** (time earned is "time served" and would violate the Double Jeopardy Clause if not "fully credited"); ***citing North Carolina v. Pearce, supra.***

Or in the alternative, this court should *find* the Petitioner's liberty is being restrained by the Respondent in violation of the Retroactive Clause of the Texas Constitution, and the Ex Post Facto Clause of the United States Constitution, and *conclude* that the Petitioner is entitled to declaratory relief ordering the Respondent to cease forcing Petitioner to labor. And further order the Respondent to not sanction Petitioner in any manner for exercising his right not to perform labor to obtain the same rights and privileges given to those prisoners mandated to labor under § 497.090, TEX.GOVT. CODE. ***See Bohannan v. Texas Bd. Criminal Justice, 942 S.W.2d 113 (Tex.App. - Austin 1997)*** (the validity and applicability of a "rule" or "law" may be determined in action for a declaratory relief and judgment if alleged that the rule or law, or its application, impairs legal rights or privileges)

**WHEREFORE, PREMEISES CONSIDERED,** Petitioner prays that this petition for writ of habeas corpus be, in all things, **GRANTED.**

**Respectfully Submitted,**

Reynaldo R. Lopez

**Reynaldo Rojano Lopez**
**TDCJ-ID No. 632648**
**Michael Unit**
**P.O. Box 4500**
**Tennessee Colony, TX 75886-4500**

**UNSWORN VERIFICATION**

The following unsworn verification in use is in lieu of a sworn verification before a notary of public, pursuant to §§ 132.001-132.003, TEX.CIV.PRAC. & REM.CODE:

I, **REYNALDO ROJANO LOPEZ, TDCJ-ID NO. 632648,** being presently incarcerated at the Michael Unit of the Texas Department of Criminal Justice-Institutional Division in Anderson County, Texas, do declare under penalty of perjury that I have read the above foregoing memorandum; and it is true and correct to the best of my knowledge and belief.

**EXECUTED** on this the 30 day of April 2002.

Reynaldo R. Lopez

**Petitioner Pro Se**

**Attorney of Records**