United States District Court
Southern District of Texas
FILED

SEP 1 1 2002

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *REYNALDO ROJANO LOPEZ,* | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 02-CV-120 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL,* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S MOTION TO DISMISS
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), Respondent, by and through her attorney, the Attorney General of Texas, and files this her Motion to Dismiss with Brief in Support.

## I.

## JURISDICTION

Because Reynaldo Rojano Lopez ("Lopez") is not challenging the fact or duration of his confinement in his federal habeas corpus petition, under 28 U.S.C. §§ 2254 and 2241 this court lacks jurisdiction over both the subject matter and the party in this case.

## II.

## DENIAL

The Director denies each allegation of fact made by Petitioner, Lopez, except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Lopez pursuant to two judgments and sentences in the the 357th Judicial District Court of Cameron County, Texas, in cause numbers 85-CR-343-E and 85-CR-344-E, styled *The State of Texas v. Reynaldo Rojano Lopez*. *Ex parte Lopez*, Application No. 47,859-01, at 28-33, 44-47, 49, 52-55; *Ex parte Lopez*, Application No. 47,859-02, at 29-34, 45-48, 51, 57-60; *Ex parte Lopez*, Application No. 47,859-03, at 38-36. Lopez was indicted by the grand jury with three counts of aggravated sexual assault. *Ex parte Lopez*, Application No. 47,859-01, at 26-27; *Ex parte Lopez*, Application No. 47,859-02, at 27-28; *Ex parte Lopez*, Application No. 47,859-03, at 31-32. On June 25, 1985, Lopez pleaded guilty to the charges in the indictment. *Ex parte Lopez*, Application No. 47,859-01, at 28-33, 44-47; *Ex parte Lopez*, Application No. 47,859-02, at 29-34, 45-48; *Ex parte Lopez*, Application No. 47,859-03, at 25. On August 22, 1985, the court suspended his sentence of ten years imprisonment and elected to sentence Lopez to probation for a period of ten years. *Ex parte Lopez*, Application No. 47,859-01, at 29, 45-47; *Ex parte Lopez*, Application No. 47,859-02, at 30, 46-48. However, on September 9, 1992, after violating the terms of his probation, the court revoked his probation and sentenced Lopez to ten years imprisonment in TDCJI-ID. *Ex parte Lopez*, Application No. 47,859-01, at 52-55; *Ex parte Lopez*, Application No. 47,859-02, at 57-60; *Ex parte Lopez*, Application No. 47,859-03, at 33-36.

A procedural history of any appeals or state habeas corpus applications with regard to Lopez's convictions in cause numbers 85-CR-343-E and 85-CR-344-E is unnecessary for the resolution of the instant petition because Lopez is not challenging the validity of his holding convictions; rather, Lopez challenges the conditions of his confinement. Fed. Writ Pet., at 7.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Lopez to allege the following grounds for federal habeas corpus relief:

2

1.  As of September 1, 1995 he has been wrongly forced to work in violation of the state Ex Post Facto Clause due to the retroactive application of Section 497.090 of the Texas Government Code because he was sentenced to confinement only based on the repeal of Article 6166x-1 of the Texas Revised Civil Statutes;

2.  Respondent is violating the United States Constitutional prohibition against multiple punishment for the same offense by adding labor to his sentence because Respondent is applying Sections 497.090 and 497.099 to his sentence when, on September 1, 1989, his punishment was commuted to confinement alone with the repeal of Article 6166x of the Texas Revised Civil Statutes; and

3.  Respondent is violating the Thirteenth Amendment of the United States Constitution by applying Sections 497.090 and 497.099 of the Texas Government Code, enacted by the Seventy-Fourth Texas Legislature on September 1, 1995, to his cause when the Seventy-First Texas Legislature repealed forced labor as punishment on September 1, 1989.

Fed. Writ Pet., at 7.

## V.

### STATE COURT RECORDS

The Director is simultaneously forwarding copies of Lopez's state court records, *Ex parte Lopez*, Application Nos. 47,859-01, -02, -03, under separate cover, with this motion to dismiss.

## VI.

### EXHAUSTION OF STATE REMEDIES

Since Lopez's claims fail to provide a basis upon which this court can grant relief under federal habeas corpus law, the Director will not speculate as to whether Lopez has sufficiently exhausted his state remedies as required by 28 U.S.C. §2254(b) and (c). However, should this Court deny the Director's motion to dismiss, the Director reserves the right to address whether Lopez has exhausted his state court remedies.

## VII.

## RESPONDENT COCKRELL'S MOTION TO DISMISS
## WITH BRIEF IN SUPPORT

**A.      Lopez's claims are not cognizable under federal habeas corpus law.**

Lopez claims that the Respondent, due to the repeal of Article 6166x and subsequent enactment of Sections 497.090 and 479.099 of the Texas Government Code on September 1, 1995, has wrongly forced him work while serving his sentence in violation of the state's Ex Post Facto Clause, the United States constitutional prohibition against multiple punishment, and the Thirteenth Amendment of United States Constitution. These claims are not cognizable under federal habeas corpus law.

"The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994) (*citing Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the *fact* of confinement." *Id.* at 168. Conversely, a "section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 499 93 S. Ct 1827, 1841 (1973) ("a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see Richardson v. Fleming*, 651 F.2d 366, 372–76 (5th Cir. 1981). Moreover, when addressing the blurred line between challenges based on confinement and challenges to procedures that affect the release from custody, the Fifth Circuit held that "[i]f 'a favorable determination would not automatically entitle the prisoner to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Carson*, 112 F.3d at 820-821.

In the instant case, since Lopez alleges that he is and has been required to work while serving his sentence for aggravated sexual assault, he has not challenged the "fact or duration" of his confinement. *See Cook,* 37 F.3d at 168.   Rather, Lopez only challenges the rules, customs, and procedures affecting 'conditions' of confinement," or custody. *Id.* (*citing Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir. 1987)).  As a result, Lopez's claims have no connection to his accelerated release from the custody of TDC-ID. *See Carson,* 112 F.3d at 820-821.  Accordingly, Lopez's claims are not cognizable under federal habeas corpus law.   If Lopez wishes to pursue this matter, he should raise these allegations under 42 U.S.C. § 1983.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Lopez's federal habeas corpus petition be dismissed for failing to state a cognizable claim under federal habeas corpus relief.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

5

*Lead Counsel

STACEY M. GOLDSTEIN*
Assistant Attorney General
State Bar No. 24031632

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

TO: Petitioner, Reynaldo Rojano Lopez, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

STACEY M. GOLDSTEIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Stacey M. Goldstein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss with Brief in Support has been served by placing the same in the United States Mail, postage prepaid, on this the 9th day of September, 2002, addressed to:

Reynaldo Rojano Lopez
TDCJ-ID No. 632648
Michael Unit
PO Box 4500
Tennessee Colony, TX 75886-4500

STACEY M. GOLDSTEIN
Assistant Attorney General

6

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *REYNALDO ROJANO LOPEZ,* | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 02-CV-120 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL,* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**ORDER**

Came on this day to be considered Respondent Cockrell's Motion to Dismiss with Brief in Support, and the Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is ORDERED, ADJUDGED and DECREED that Respondent Cockrell's Motion to Dismiss with Brief in Support GRANTED because the Petitioner, Reynaldo Rojano Lopez, has failed to state a claim that would entitle him to federal habeas corpus relief.

SIGNED on this the _____ day of _____, 2002.

_____
JUDGE PRESIDING