IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| REYNALDO ROJANO LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-120 |
| | § | |
| JANIS COCKREL, DIRECTOR OF | § | |
| TEXAS DEPT. CRIMINAL JUSTICE-ID, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Reynaldo Rojano Lopez's ("Lopez") Petition for Writ of Habeas Corpus (Docket No. 1) filed pursuant to 28 U.S.C. § 2254. Also before the Court is Janie Cockrell's ("Respondent") Motion to Dismiss (Docket No. 12). The Respondent contends that Lopez's claims are not cognizable in a 28 U.S.C. § 2254 action. For the following reasons, it is recommended the Court grant Respondent's motion and dismiss Lopez's petition.

### I. FACTS

In 1985, Lopez was convicted in Cameron County, Texas, of three counts of aggravated sexual assault. Suspending a 10 year prison sentence, the state court sentenced Lopez to 10 years probation. In 1992, Lopez violated terms of his probation and was sentenced to 10 years in prison. He is currently housed in the Michael Unit of the Texas Department of Criminal Justice-Institutional Division. The Michael Unit is in Anderson County, in the Eastern District of Texas.

### II. ANALYSIS

The crux of Lopez's argument stems from a change in Texas law. In 1989, the Texas legislature repealed Tex. Rev. Civ. Stat. Ann. art. 6166x. Article 6166x had authorized Texas prisons to require inmates to work while in prison. Statutory authority requiring prisoners to work

was not in place in Texas from 1989 until 1995. *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001). In 1995, the Texas legislature enacted Tex. Gov't Code § 497.090 (Vernon's Supp., 2001) which has since been repealed and replaced by Tex. Gov't Code § 497.099. Both §§ 497.090 and 497.099 reinstated the statutory requirement that prisoners work.

Lopez claims that § 497.099, as applied to him, violates the Thirteenth Amendment and the Ex Post Facto Clause of the United States Constitution. U.S. CONST. art. I, § 9, cl. 3. He also asserts violations of the Texas state constitution. He contends that because he was imprisoned in 1992, §§ 497.090 and 497.099 should not apply to him. Because Lopez is not attacking a state court judgment or his sentence, his claims are not cognizable under 28 U.S.C. § 2254.

### III. CONCLUSION

IT IS THEREFORE **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that Reynaldo Rojano Lopez's habeas petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day October, 2002.

John Wm. Black
United States Magistrate Judge