

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| REYNALDO ROJANO LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-120 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Pending is Respondent's motion to dismiss Petitioner's habeas petition. For the reasons set forth below, the Magistrate's recommendation of dismissal is **ADOPTED** and Petitioner's petition is **DISMISSED**.

**I.   BACKGROUND**

This action is a petition for habeas corpus pursuant to 28 U.S.C. § 2254; Petitioner is currently incarcerated in a Texas state correctional facility. See Docket No. 1 at 1-2; id. at Memorandum in Support 1. Petitioner's incarceration is a result of his violation of the terms of his probation, to which he was sentenced after entering a plea of guilty to charges of aggravated sexual assault. See Docket No. 12 at 2 (summarizing Petitioner's criminal history). Pending is Respondent's motion to dismiss the petition. Docket No. 12. Magistrate Judge John Wm. Black has issued a report and recommendation and advises this Court to grant Repondent's motion to dismiss. Docket No. 14 at 2.

**II.   STANDARD OF REVIEW**

The time for filing objections to the report and recommendation has passed and none have

been filed. Accordingly, the Court is obligated to provide no more than plain error review of the Magistrate's report and recommendation. See, e.g., Estes v. Johnson, No. 3:00-CV-1890-L, 2001 WL 1042730, at *1 (N.D. Tex. Aug. 29, 2001) (unpublished opinion) (providing plain error review of magistrate judge's unobjected-to recommendation to dismiss habeas petition). Correction of plain error is discretionary. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc). Said discretion will be exercised only "(1) if there was error, (2) if that error was plain, (3) if the error affects substantial rights, and (4) . . . allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings." Crawford v. Falco Drilling Co., 131 F.3d 1120, 1124 (5th Cir. 1997).

### III. DISCUSSION

#### A. The Magistrate's Report and Recommendation May Contain Plain Error

The Magistrate's report states that, "[b]ecause Lopez is not attacking a state court judgment or his sentence, his claims are not cognizable under 28 U.S.C. § 2254." Docket No. 14 at 2. This analysis may constitute plain error.

Petitioner complains that Texas's mandatory prisoner work requirement violates the Double Jeopardy Clause, the Ex Post Facto Clause, and the Thirteenth Amendment's prohibition of involuntary servitude. Docket No. 1 at Memorandum in Support 4-6. Defendant requests "immediate or accelerated release" from prison, or, in the alternative, "declaratory relief ordering the Repsondent to cease forcing Petitioner to labor." Id. at Memorandum in Support 9-10. He advances these claims and his concomitant requests for relief in a petition for the writ of habeas corpus.

Respondent's brief argues that prisoners' suits fall into two distinct categories, those actions cognizable as civil rights suits under 42 U.S.C. § 1983 and those for which habeas relief is available.

Docket No. 12 at 4. According to Respondent, the latter action exists to challenge the fact or duration of confinement as opposed to the conditions of one's confinement. Id. Because Petitioner allegedly is not contesting the fact or duration of his confinement, Respondent argues that dismissal is of the habeas petition is warranted and that Petitioner should raise his claims, if at all, in a proper § 1983 suit. Id. at 5.

The Fifth Circuit has held that, in general, "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). In contradistinction, habeas petitions are "the proper vehicle to seek release from custody." Id. However, "challenges [to] an unconstitutional condition of confinement or prison procedure that affects the timing of . . . [a prisoner's] release from custody" blur the distinction between the two types of claims. Id. Therefore, in order to clarify the law in this area, the Fifth Circuit has imposed a bright-line rule: if a favorable adjudication would not automatically entitle a prisoner to accelerated release, then a § 1983 suit rather than a habeas petition is "the proper vehicle". Id. at 820-21.

The pending petition embodies the sort of claim that straddles the line between civil rights and habeas relief. Inasmuch as Petitioner challenges an unconstitutional condition of confinement, for which Petitioner requests early release from confinement, Carson's bright-line rule would appear to require that this action be brought via a habeas petition. In Carson, the appellate court affirmed a district court's construction of a habeas petition as a § 1983 suit, because the petitioner therein had "not alleged that such reassignment would automatically shorten his sentence or lead to his

3

immediate release." Id. at 821. Reading the instant pro se petition liberally, as the Court must,[1] this is precisely what the Petitioner purports he is entitled to: a reduction in sentence or immediate release. Docket No. 1 at Memorandum in Support 9-10.

Respondent appears to suggest that Petitioner's requested relief of immediate or accelerated release has no merit and, therefore, bears no relation to the length or duration of his custody, which ostensibly renders the issues before the Court cognizable solely in a § 1983 suit. Docket No. 12 at 5. However, Respondent puts the cart before the horse. Determining whether Petitioner's petition is cognizable in habeas is a jurisdictional inquiry. Carson, which Respondent relies on, cannot be fairly read as requiring district courts to make a determination on the merits in order to resolve the threshold matter of jurisdiction. Present Petitioner has done what petitioner Carson did not—seek immediate release—and that would seem to be sufficient to sustain habeas jurisdiction. Brown v. Cockrell, No. 3:01-CV-1090-H, 2002 WL 638584, at *3 n.3 (N.D. Tex. Apr. 17, 2002) (unpublished opinion). The merits are another matter altogether. See id. ("The fact that the petition lacks merit . . . is inapposite to whether the claim is cognizable in a habeas corpus action.").

### B. Petitioner's Substantial Rights Are Not Affected By Any Potential Error

Some could argue that the foregoing analysis casts some doubt on the Magistrate's analysis. Nevertheless, even if one accepts that argument as true, it would not require a result different from his recommended disposition (i.e., dismissal). Notwithstanding the possibility of plain error, the Petitioner's substantial rights have not been affected by any such potential error. This is so because Petitioner's legal claims are legally without merit no matter whether construed as brought pursuant

---

[1] See, e.g., Covington v. Cole, 528 F.2d 1365, 1370 (5th Cir. 1976) (noting that pro se prisoner complaints "are to be read very liberally").

4

to 42 U.S.C. § 1983 or 28 U.S.C. § 2254.

Petitioner's involuntary servitude claim has already been decided against him in this circuit. See Mikeska v. Collins, 900 F.2d 833, 837 (5th Cir. 1990) (holding that involuntary prison labor does not constitute involuntary servitude under the Thirteenth Amendment), aff'd in relevant part on reh'g, 928 F.2d 126 (5th Cir. 1991) (per curiam); Wendt v. Lynaugh, 841 F.2d 619, 620-21 (5th Cir. 1988) (finding that prison requirement of work without pay did not violate the Eighth Amendment, Thirteenth Amendment, or the Fourteenth Amendment); see also Murray v. Mississippi Dept. of Corrections, 911 F.2d 1167, 1167-68 (5th Cir. 1990) (per curiam) (determining that compelling inmates to work on private property also does not violate the Thirteenth Amendment), cert. denied, 498 U.S. 1050 (1991); Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988) (holding that imposition of labor requirements does not violate Thirteenth Amendment even when prisoners still have appeals pending); Craine v. Alexander, 756 F.2d 1070, 1075 (5th Cir. 1985) (noting in a case arising under the Antipeonage Act, 42 U.S.C. § 1994, that the prisoner plaintiff "does not complain of the labor imposed upon him as an aspect of the corrective regimen . . . nor could he do so with any hope of success"). Petitioner relies on another Fifth Circuit case for support. See Watson v. Graves, 909 F.2d 1549, 1552 (5th Cir. 1990) ("We agree that a prisoner who is not sentenced to hard labor retains his thirteenth amendment rights . . . ."). However, Watson's pronouncement was uttered in dicta and represents "an anomaly in federal jurisprudence." Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001). "To the extent Watson conflicts with these earlier decisions, it lacks authority." Id.

Petitioner also argues that Texas's mandatory work requirement violates the Ex Post Facto Clause of the United States Constitution. See U.S. CONST. art. I, § 10, cl. 1 ("No state shall . . . pass

any . . . ex post facto Law . . . ."). Petitioner bases this contention upon the fact that the mandatory work provision—in effect when Petitioner was originally sentenced—was subsequently repealed. See Acts 1927, 40th Leg., ch. 212, § 25, repealed by Acts 1989, 71st Leg., ch. 212, § 3.03. Said repeal purportedly constituted a commutation of his sentence's mandatory labor requirement. Docket No. 1 at Memorandum in Support 2-4. Accordingly, Petitioner contends that the Texas Legislature's reimposition of a mandatory work requirement in 1995 is a prohibited ex post facto law. Id.

However, Petitioner overlooks the fact that during the period from 1989, when the mandatory work requirement was repealed, through 1995, when the mandatory labor requirement was reinstated, the Texas Department of Criminal Justice, Institutional Division, "had the discretion to require an inmate to work as part of his rehabilitation." Estes v. Johnson, No. 3:00-CV-1890-L, 2001 WL 1042730, at *4 (N.D. Tex. Aug. 29, 2001) (unpublished opinion). In other words, at no time during Petitioner's incarceration has he had a right to be free from the imposition of labor. This fact is fatal to Petitioner's ex post facto claim, because "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law 'which . . . imposes additional punishment to that . . . prescribed'" at the time of conviction. Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1867)). At no time has the Petitioner been subject to greater punishment than that which was imposed at the time of his conviction. Moreover, notwithstanding an interlude in which the imposition of a work requirement was discretionary, Petitioner nowhere contends that his actual punishment has varied during the period of his incarceration—a contention that would appear to be critical to a claim that any law actually imposed additional punishment. Finally, the Petitioner has always had notice that, at a minimum, he could

be required to work while serving out his sentence; such notice defeats his ex post facto claim. See id. at 30 ("Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.").

Petitioner also premises his contentions on the Double Jeopardy Clause of the United States Constitution. See U.S. CONST. amend. V (providing that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb"). Among other things, the Double Jeopardy Clause "'protects against multiple punishments for the same offense.'" Illinois v. Vitale, 447 U.S. 410, 415 (1980) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). This safeguard is applicable to the states via the Fourteenth Amendment's Due Process Clause. Id.

Like his ex post facto argument, Petitioner's double jeopardy contention is that legislative reimposition of the mandatory work requirement violates the constitutional guarantee against multiple punishments. However, "the protections of the Double Jeopardy Clause are ordinarily implicated only by multiple punishments for the same offense in successive proceedings in which the defendant is in jeopardy." United States v. Schinnell, 80 F.3d 1064, 1068 n.5 (5th Cir. 1996). That is, "the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors." Brown v. Ohio, 432 U.S. 161, 165 (1977). Legislatures are "free under the Double Jeopardy Clause to define crimes and fix punishments." Id. Hence, "[m]ultiple punishments for a given offense imposed in a single proceeding violate the double jeopardy clause only if they are not legislatively authorized." Schinnell, 80 F.3d at 1068 n.5. Therefore, insomuch as the Texas Legislature has at all relevant times authorized the Texas Department of Criminal Justice to impose a work requirement on inmates, Petitioner cannot successfully mount a claim of double jeopardy.

## IV.  CONCLUSION

As Petitioner's substantial rights are not affected by any potential error in the Magistrate's report because Petitioner's claims are legally without merit no matter how construed, the Magistrate's recommendation of dismissal is hereby **ADOPTED**. Accordingly, Petitioner's § 2254 petition is **DISMISSED**.

Signed the 4th day of February, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE